IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: MOTION TO SEAL SEARCH WARRANT DOCUMENTS | : | Case No. 3:18MJ302<br>3:18MJ303<br>3:18MJ304 |

UNDER SEAL

UNITED STATES' MOTION TO SEAL SEARCH WARRANT DOCUMENTS

The United States, by and through its attorneys, Kenneth L. Parker, United States Attorney, and Amy M. Smith, Assistant United States Attorney, hereby moves the Court to seal the application for search warrant, the affidavit in support of that application, search warrant and search warrant return, in the above-captioned case until otherwise ordered by the Court, or until July 31, 2022, whichever occurs earlier. The United States also requests that this motion be sealed as it necessarily discusses aspects of the investigation.

I.  Governing Case Law

The proceeding for issuing a search warrant and related documents "is necessarily *ex parte*, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove the evidence." *Franks v. Delaware*, 438 U.S. 154, 169 (1978); *see also In re Search of Fair Finance*, 692 F.3d 424, 430 (6th Cir. 2012). It is generally recognized that the public has a common law right, but no First Amendment right, of access to judicial documents, including documents associated with *ex parte* proceedings such as search warrant affidavits. *Fair Finance*, 692 F.3d at 431-32. Yet, because "[t]here are a variety of ways in which the criminal investigatory process may be harmed by making documents filed in search warrant proceedings publicly available," *id.* at 432, a court has the inherent power to seal affidavits in support of warrants to protect an ongoing investigation. *Times Mirror Company v. United States*, 873 F.2d 1210, 1213

n.3 (9th Cir. 1989); see also Fair Finance, 692 F.3d at 433 (recognizing district court's power as "supervisor of its own records and files" to weigh public's right to know against government's interest in privacy).

II.     Reasons for Sealing

The application for search warrant, the accompanying affidavit, search warrant and search warrant return in this case are related to an ongoing investigation. The affidavit sets forth significant information concerning the investigation and premature public disclosure of the warrant application and accompanying affidavit may compromise the government's investigation by revealing details of the investigation to other individuals involved in the activity. This may lead to the destruction of evidence and tampering and/or collusion of witnesses. The United States has considered alternatives less drastic than sealing, until July 31, 2022, and finds none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the application, affidavit supporting the warrant, search warrant and search warrant return remain sealed until otherwise ordered by the Court, or until July 31, 2022, whichever occurs earlier. The United States also requests that this motion be sealed.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Amy M. Smith
AMY M. SMITH (0081712)
Assistant United States Attorney
Attorney for Plaintiff
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
E-mail: Amy.Smith2@usdoj.gov